IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENYA THOMPSON § | | |
|     Plaintiff § | | |
| § | | |
| v. § | | |
| § | | |
| ENBRIDGE EMPLOYEE § | CIVIL ACTION NO. _____ | |
| SERVICES, INC., ENBRIDGE § | | |
| ENERGY PARTNERS, L.P. § | | |
| ENBRIDGE ENERGY § | | |
| COMPANY, INC. AND ENBRIDGE § | | |
| ENERGY, LIMITED PARTNERSHIP § | | |
|     Defendants § | JURY DEMANDED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Kenya Thompson, Plaintiff, files this Original Complaint, complaining of Defendants, Enbridge Employee Services, Inc., and Enbridge Energy Partners, L.P., Enbridge Energy Company, Inc. and Enbridge Energy, Limited Partnership, and for her causes of action, respectfully shows the following:

## I.
## INTRODUCTION

1. This action seeks equitable relief, actual damages, compensatory damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for the unlawful race and gender discrimination suffered by Plaintiff in the course of her employment with the Defendants.

2. Plaintiff's cause of action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

3. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

4. Plaintiff, Kenya Thompson is a resident of Humble, Texas.

5. Defendant Enbridge Employee Services, Inc. is a Delaware corporation, which may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6. Defendant Enbridge Energy Partners, L.P. is a Delaware Limited Partnership, which may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

7. Defendant Enbridge Energy Company, Inc. is a Delaware corporation, which may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8. Defendant Enbridge Energy, Limited Partnership is a Delaware Limited Partnership, which may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

9. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and

scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 since Plaintiff is bringing this claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. The Court has personal jurisdiction over Defendants since they maintain sufficient minimum contacts with the State of Texas.

11. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

12. This Court has jurisdiction over all claims in this action

## IV.
## PROCEDURAL REQUISITES

13. On March 22, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division under Charge Number 460-2012-01774 asserting race and gender discrimination pursuant to Title VII.

14. On May 12, 2014 Plaintiff her Notice of Right to Sue from the EEOC.

15. This lawsuit has been filed within (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

16.  All conditions precedent to filing this cause of action have been met.

## V.
## FACTS

17.  Kenya Thompson is an African-American former employee for Defendants, Enbridge Energy Partners, L.P., Enbridge Energy, Limited Partnership, Enbridge Energy Company, Inc. and Enbridge Employee Services, Inc. (collectively referred to as "Enbridge").

18.  In March 2006, Plaintiff began her employment with Defendants, making $34,000 annually.

19.  On July 16, 2007, Plaintiff was promoted to a Credit Analyst position, increasing her pay to $40,000 annually.

20.  From July 16, 2007 to April 2009, Ms. Thompson received pay increases, including annual merit increases, making her salary $41,600.

21.  In November 2009, Enbridge hired Ryan Bowker, a Caucasian Male as a second Credit Analyst into the Risk Department.

22.  Although Mr. Bowker was an internal transfer, he received a higher salary than Plaintiff, and was paid $54,000 annually.

23.  Ms. Thompson's pay and performance were reviewed at this time.

24.  However, at that time, Ms. Thompson only received an increased salary of $48,000.

25.     On June 6, 2011, Enridge hired a new Credit Analyst, Jeff Simon, who is also Caucasian, to replace Ryan Bowker, who had transferred to a new role in a different department.

26.     Jeff Simon was offered a salary of $56,000 annually, while Plaintiff was only making $51,310 annually.

27.     As of April 1, 2012, despite having received merit increases, Plaintiff still made less money than Mr. Simon, making $53,310 as opposed to Mr. Simon's $59,000.

28.     On or about March 1, 2012, Plaintiff requested outside training.

29.     Ms. Thompson's request for training was denied, while Mr. Simon was allowed to attend the outside training.

30.     In fact, three outside trainings and internal training that Plaintiff attended were a result of her own initiative.

31.     Enbridge did not pay for Plaintiff to attend the outside training.

32.     Jeff Simon was allowed to go to a 10 hour IECA outside training in Santa Monica, CA from Sunday, March 11 through March 13, 2013 with the entire cost of the conference, travel, and membership absorbed by Enbridge while Plaintiff was denied the opportunity.

33.     Enbridge had consistently paid Mr. Simon more for the same work as Plaintiff, and had provided Simon more training, despite Plaintiff's request for additional training.

34. During Plaintiff's five years in the credit role at Enbridge, she had consistently been given additional responsibilities throughout that time, and was even called upon to train members of the credit group who were new to Enbridge demonstrating her understanding and experience with the job and its responsibilities.

35. In July 2012, because of the unlawful difference in treatment of Plaintiff, as opposed to her Male Caucasian co-workers, Plaintiff resigned from her employment with Defendants.

## VI.
## CAUSE OF ACTION—RACE DISCRIMINATION

36. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

37. As described above, Defendants continuously subjected Plaintiff to different terms, conditions, and privileges of employment because of her race, in violation of Title VII of the 1964 Civil Rights Act, as amended 42 U.S.C. § 2000e *et seq.*, and the Texas Labor Code.

38. As a result of Defendants' unlawful discriminatory treatment, Plaintiff has incurred damages.

## VII.
## CAUSE OF ACTION— SEX DISCRIMINATION

39. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

page 7 of 8

40. As described above, Defendants continuously subjected Plaintiff to different terms, conditions, and privileges of employment because of her sex, female, in violation of Title VII of the 1964 Civil Rights Act, as amended 42 U.S.C. § 2000e *et seq.*, and the Texas Labor Code.

41. As a result of Defendants' unlawful discriminatory treatment, Plaintiff has incurred damages.

## VII.
## ATTORNEY'S FEES

42. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

43. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to 42 U.S.C. § 1988.

## VIII.
## JURY DEMAND

44. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## IX.
## RELIEF REQUESTED

45. Plaintiff requests the following relief:

    a. For actual damages for the period of time provided by law including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

    b. For compensatory and exemplary damages as allowed by law;

c. For reinstatment, or front pay in lieu thereof, as well as all applicable pre-judgment and post-judgment interest as allowed by law;

d. For attorney's fees and costs of court; and

e. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

CLINE | AHMAD

By: /s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
nahmad@cline-ahmad.com
Delana Cline
State Bar No. 24009960
dcline@cline-ahmad.com
21 Waterway, Suite 300
The Woodlands, Texas  77380
Telephone:  (281) 362-2801
Telecopier:  (281) 864-4379

ATTORNEYS FOR PLAINTIFF
KENYA THOMPSON